IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HAATASHA ROBINSON<br>1335 W. 91st Street<br>Cleveland, Ohio 44120<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HAVENPARK COMMUNITIES<br>51 W. Center Street, Suite 600<br>Orem, Utah 84057<br><br>　　　　　　　Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Herein)** |

## INTRODUCTION

1. Plaintiff Haatasha Robinson is a United States citizen and Cuyahoga County, Ohio resident.

2. Robinson is a "person," and "employee," and an "individual" as defined by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq.,

3. Robinson was an employee of Havenpark Communities ("Havenpark").

4. Havenpark is a foreign corporation with a place of business at 2700 Brookpark Road, Cleveland, Ohio 44134.

5. Havenpark is an employer, pursuant to 42 U.S.C. § 2000e.

6. At all times material herein, Havenpark was Robinson's "employer" within the meaning of Ohio Rev. Code § 4112.

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff is alleging federal law claims under Title VII.

8. Within 300 days of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), specifically, Charge No. 532-2021-01075.

9. On June 24, 20201, Robinson received a Right to Sue letter, dismissing Charge No. 532-2021-01075, in accordance with 42 U.S.C. 2000e-5(f)(1), attached as Exhibit A.

10. Robinson has properly exhausted her administrative remedies.

11. Robinson files this Complaint within 90 days of receiving his Right to Sue letter from the EEOC.

12. All material events alleged in this Complaint occurred in Cuyahoga County.

13. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

14. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

15. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

16. Robinson was hired by Havenpark in February 2020 to manage the Havenpark community, "Parma Estates" in Cleveland Ohio.

17. Havenpark provides manufactured homes in communities across the United States.

18. As the manager of Parma Estates, Robinson was tasked with showing homes to potential tenants.

19. Robinson was also tasked with managing the properties and providing customer service to the residents of Parma Estates.

20. The residents of Parma Estates rent the plots of land from Havenpark, and either own or rent the manufactured home.

21. One of the residents of Parma Estates during Robinson's employment was John Kestner.

22. During the ten months of Robinson's employment, she was forced to endure a constant barrage of racial slurs and harassment based on her race at the hands of Kestner.

23. Robinson's District Manager Anthony Johnson, Human Resources, and Attorney Ian Morton knew that Kestner was calling Robinson a "fucking nigger," a "nappy-haired nigger," and a "black bitch," and other racial slurs for almost a year, yet they took no steps to prevent and promptly correct any harassment.

24. As early as her third day at work Kestner called Robinson the n-word.

25. Robinson immediately informed a manager about Kestner's use of racial slurs and harassing behavior.

26. Havenpark took no steps to prevent and promptly correct any harassment after Robinson's February complaint.

27. Kestner's behavior got to be so extreme that Robinson emailed Johnson and Morton on June 18, 2020 to once again bring attention to the fact that she was being called racial slurs.

28. Robinson was concerned about the way Kestner treated her, and was also concerned that he would treat any non-white residents in the same manner.

29. In response to Robinson's June 18 complaint Haven Park updated the community rules.

30. The updated rules did nothing to stop Kestner from continuing to call Robinson racial slurs, and harassing Robinson because of her race.

31. On June 29, 2020 Robinson sent a detailed email to Morton, Johnson, and Jeff Brauer about the constant racism she was dealing with, including being called racial slurs.

32. Havenpark took no steps to prevent and promptly correct any harassment after Robinson's June 29 complaint.

33. On June 1, 2020 Mary Inoke from Human Resources had a virtual meeting with Robinson, during which they discussed the fact that Robinson had been called the n-word numerous times at work.

34. Havenpark took no steps to prevent and promptly correct any harassment after Robinson's June 1 complaint.

35. On July 1, 2020 Robinson again emailed Morton, Johnson, and Brauer and outlined the 32 incidents she had with Kestner.

36. Havenpark took no steps to prevent and promptly correct any harassment after Robinson's July 1 complaint.

37. On July 2, 2020 Robinson reached out to Inoke and they discussed the fact that Kestner was calling her the n-word, calling her other racial slurs, and spitting in her direction.

38. In response to Robinson's July 2 complaint, Inoke suggested that Robinson work from home or that she could be relocated with a demotion.

39. Robinson could not perform all of her duties as manager from home.

40. Working from home would not prevent and correct any harassment by Kestner, as Robinson would still be required to provide customer service to Kestner over the phone.

41. On July 8, 2020 Kestner delivered a nasty rambling letter to the office about Robinson, which she forwarded to Morton, Johnson, and Brauer.

42. Havenpark took no steps to prevent and promptly correct any harassment after Robinson's July 8 complaint.

43. In response to Robinson's July 8 complaint Brauer told Robinson that if she felt unsafe she should contact the police.

44. On December 15, 2020 Kestner came into the office and, as he had dozens of times before, called Robinson a black bitch, and the n-word.

45. Robinson recorded Kestner's racially-charged outburst.

46. Robinson immediately provided the recording to Havenpark.

47. In response to Robinson's December 15 complaint Havenpark initiated eviction proceedings against Kestner.

48. Havenpark had the ability to prevent and promptly correct any harassment by Kestner by evicting him, but failed to do so for ten months.

## COUNT I: HOSTILE WORK ENVIORNMENT BASED ON RACE IN VIOLATION OF TITLE VII

49. Robinson incorporates by reference the allegations from the preceding paragraphs, as if fully realleged herein.

50. Robinson is black, and a member of a statutorily-protected class under Title VII.

51. Under Title VII, it is unlawful for an employer to discriminate against an employee on the basis of race.

52. Robinson was subjected to harassment in the form of unwelcome racial slurs and verbal conduct based on her race.

53. Kestner's harassment of Robinson interfered with her work performance by creating an environment that was intimidating, hostile, or offensive.

54. Defendant knew of the harassing conduct but failed to take prompt corrective action.

55. As a result of Defendant's unlawful conduct, Robinson has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT II: HOSTILE WORK ENVIORNMENT BASED ON RACE

56. Robinson incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

57. Robinson is black, and a member of a statutorily-protected class under Ohio Rev. Code § 4112.

58. Under Ohio Rev. Code § 4112 it is unlawful for an employer to discriminate against an employee on the basis of race.

59. Robinson was subjected to harassment in the form of unwelcome racial slurs and verbal conduct based on her race.

60. Kestner's harassment of Robinson interfered with her work performance by creating an environment that was intimidating, hostile, or offensive.

61. Defendant knew of the harassing conduct but failed to take prompt corrective action.

62. As a result of Defendant's unlawful conduct, Robinson has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## CONCLUSION

Plaintiff Haatasha Robinson seeks judgment against the Defendant in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, interest, all reasonable attorney's fees, costs and

expenses, and any additional legal or equitable relief available under law, including, but not limited to, back pay, future losses, reinstatement and promotion.

                Respectfully Submitted,

                /s/ *Claire I. Wade-Kilts*
                Claire I. Wade-Kilts (0093174)
                Sobel, Wade & Mapley, LLC
                55 Erieview Boulevard, Suite 370
                Cleveland, Ohio 44114
                T: (216) 223-7213
                F: (216) 223-7213
                Wade@swmlawfirm.com

                *Attorney for Plaintiff Haatasha Robinson*

## JURY DEMAND

Plaintiff Haatasha Robinson demands a trial by jury by the maximum number of jurors permitted.

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)

*Attorney for Plaintiff Haatasha Robinson*