IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAATASHA ROBINSON | ) | CASE NO: 1:21-CV-01273 |
| | ) | |
| Plaintiff, | ) | JUDGE: DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| HAVENPARK COMMUNITIES | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its Answer to Plaintiff Haatasha Robinson's ("Plaintiff") Complaint (the "Complaint"), Defendant Havenpark Communities ("Defendant"), makes the following admissions, denials, statements, and defenses:

### INTRODUCTION

1. Defendant, upon information and belief, admits Plaintiff is a United States citizen and resident of Cuyahoga County, Ohio, but denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff is Defendant's former employee, but denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendant states that HavenPark Communities has a business located in Cleveland, Ohio.

4810-9839-0004.1

1

5. Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that this Court has subject matter jurisdiction over Plaintiff's Complaint, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff filed a charge of discrimination, but denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that the charge of discrimination was dismissed and a right to sue letter was issued, but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that the charge of discrimination was dismissed and a right to sue letter was issued, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that the allegations alleged in the Complaint occurred within Cuyahoga County, Ohio, but denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that venue is appropriate in this Court, but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that this Court has supplemental jurisdiction over Plaintiff's Complaint, but denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that this Court has general jurisdiction over Plaintiff's Complaint, but denies the remaining allegations contained in Paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

16. Defendant admits that Plaintiff was hired by Defendant, but denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant is without sufficient information or knowledge to respond to the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. The email referenced in Paragraph 31 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant admits that Plaintiff provided Defendant with a video recording, but denies the remaining allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits that Plaintiff provided the video recording to Defendant, but denies the remaining allegations contained in Paragraph 46 of the Complaint.

47. Defendant admit that Defendant initiated eviction proceedings against Kestner, but denies the remaining allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

## COUNT I: HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF TITLE VII

49. Defendant incorporates their responses to Paragraphs 1 through 48 of the Complaint as if fully restated herein.

50. Paragraph 50 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant admits the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant admits the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

## COUNT II: HOSTILE WORK ENVIRONMENT BASED ON RACE

56. Defendant incorporates their responses to Paragraphs 1 through 55 of the Complaint as if fully restated herein.

57. Paragraph 57 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant admits the allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant admits the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in the Conclusion section of the Complaint.

64. Defendant denies every allegation contained in the Complaint not specifically admitted to be true herein.

## **AFFIRMATIVE DEFENSES**

Defendant assert the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel, ratification, acquiescence, accord and satisfaction, and/or unclean hands.

3. Plaintiff's Complaint is untimely and is barred by the applicable limitations and/or statute of limitations period.

4. Plaintiff failed to exhaust her administrative remedies.

5. Plaintiff is estopped by her own acts or omissions from bringing some or all of the claims in the Complaint.

6. Plaintiff has not sustained any damages proximately caused or actually caused by Defendant.

7. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages and/or alleged injuries.

8. Based on after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant are barred by the doctrine of after-acquired evidence.

9. Plaintiff's claims are barred because all of the decisions and actions toward Plaintiff were taken in good faith and for legitimate, non-retaliatory, non-discriminatory reasons unrelated to Plaintiff's disability or alleged protected activity.

10. Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendant of any discrimination or harassment, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

11. To the extent that Plaintiff complained about any alleged unlawful discriminatory conduct, Defendant took prompt remedial measures reasonably calculated to end any alleged unlawful discrimination.

12. Some or all of Plaintiff's claims lack legal and factual support to be asserted and are brought in bad faith.

13. Plaintiff's claims fail because Defendant acted in good faith at all times.

14. Some or all of Plaintiff's claims are limited and/or barred by Ohio's Tort Reform Act.

15. Plaintiff has not and is not suffering from emotional distress.

16. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendant deny – the claim is barred because the alleged acts or omissions of Defendant: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence

malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

17. One or more of Plaintiff's claims fail as a matter of law because Plaintiff unreasonably failed to take advantage of Defendant's complaint procedures.

18. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendant denies – the claim is barred because any allegedly discriminatory behavior is contrary to Defendant's good faith efforts to comply with all applicable state and federal laws.

19. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendant denies – the claim is barred and any award of such damages would violate Defendant's rights under the federal and state constitutions.

20. To the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of Defendant.

21. Any and all damage or injury complained of was proximately caused by intervening and superseding acts of persons or entities other than these answering Defendant.

22. Plaintiff's claim fails because Plaintiff resigned.

23. Plaintiff's claims fail because the alleged harassment was committed by a third party and Defendant took prompt and effective action once notified by Plaintiff of the alleged misconduct.

24. The alleged misconduct was that of a third party not under the control of Defendant.

25. The alleged misconduct does not represent severe or pervasive harassment as a matter of law.

26. Plaintiff has not suffered any lost wages because she was placed on a paid leave of absence and then voluntarily resigned from her employment with Defendant.

27. Plaintiff's claim fails because Plaintiff did not suffer an adverse action.

28. Plaintiff's claim fails because Plaintiff did not notify Defendant of the alleged misconduct until after her leave of absence was initiated.

29. Plaintiff's claim fails because Defendant conducted a full and fair investigation once it was notified of the alleged misconduct.

30. Defendant reserve the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case

WHEREFORE, Defendant demand that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that judgment be entered in Defendant's favor, and that Defendant recover their expenses, including reasonable attorneys' fees, and such other and further relief to which they may be entitled at law or in equity or as this Court deems just and appropriate.

    Respectfully submitted,

/s/David A. Campbell
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 344-9422
Fax: (216) 344-9421
David.a.campbell@lewisbrisbois.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned herby certifies that on the 30th day of August, 2021, a true and accurate copy of foregoing was filed electronically. Notice of this filing was sent to all parties by operation of the Court's ECF system. Parties may access this filing through the Court's electronic filing system.

/s/David A. Campbell
David A. Campbell (0066494)

*Attorney for Defendant*